NO. 07-01-0296-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 10, 2002
_____

DAVID ANSLEY,

Appellant

v.

TANKCO SERVICES OF TEXAS, INC.
and BARRY SEABRANCH,

Appellees
_____

FROM THE 165TH DISTRICT COURT OF HARRIS COUNTY;

NO. 2000-39,495; HON. ELIZABETH RAY, PRESIDING
_____

***Memorandum Opinion***
_____

Before BOYD, C.J., QUINN and JOHNSON, J.J.

David Ansley (Ansley) appeals from a final summary judgment entered in favor of Tankco Services of Texas, Inc. (Tankco) and Barry Seabranch (Seabranch). The latter two parties had moved for summary judgment. Via four issues, Ansley contends that the trial court erred in granting same. We reverse.

## Background

For purposes of this appeal, we note that the dispute between the parties involves the enforcement of an oral agreement. The latter was made between Ansley and Seabranch and concerned the purchase by Seabranch of Ansley's interest in Tankco. According to the representations contained in Ansley's summary judgment affidavit, Seabranch agreed to purchase the interest for $243,000 payable in 72 semi-monthly installments of $2750 and a final "balloon payment" of $45,000. In exchange, Ansley would transfer his interest in the business to Seabranch, resign from the company's employ, and cease his involvement in its operation and management.

Upon entering the agreement, according to the attestations of Ansley, he and Seabranch "told other employees of the business . . . that [Ansley] . . . sold [his] ownership interest to [Seabranch] and that [Seabranch] now owned 100% of the business entity." Furthermore, Ansley "terminated [his] employment with Tankco" at "sometime between March 1, 1999 and March 15, 1999" and became "involved in, and employed by, a company in a different industry." Thereafter, on or about March 29, 1999, Seabranch delivered to Ansley a check for $2750 with the notation "Pmt # 1" written in the lower left-hand corner of the instrument. Though the check was purported to be written on the account of Tankco, it was signed by Seabranch in his individual capacity. Moreover, Seabranch and Tankco stated in their original petition that Tankco "paid Ansley $2750

2

toward the acquisition of his interest" in the company, though the parties had allegedly not agreed upon "the ultimate purchase price."[1]

Though Tankco was a corporation, Ansley had no stock to physically transfer to Seabranch. This is so because he had never been issued any after acquiring his interest. Additionally, neither Tankco nor Seabranch disputed this. Nor did they dispute, for purposes of this appeal, that Seabranch entered the agreement as described by Ansley. Rather, Tankco and Seabranch simply contended, via their motion for summary judgment and on appeal, that the agreement was unenforceable due to the Statute of Frauds and that no exception to the statute applied. Ansley responded by asserting that the doctrines of complete performance, partial performance, and equitable estoppel prevented application of the Statute of Frauds. The trial court subsequently granted the motion for summary judgment stating therein that "the agreement as alleged by [Ansley] is barred by the Statute of Frauds, TEX. BUS. & COMM. CODE, §26.01, [sic] (a)(1) and (2) and (b)(6)."

*Standard of Review*

The standards of review applicable to traditional and no-evidence motions for summary judgment are well-settled. Rather, than discuss them, we simply cite the parties to *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985) and *Kimber v. Sideris*, 8 S. W.3d 672, 675 (Tex. App.--Amarillo 1999, no pet.).

---

[1]Pleadings usually are not competent summary judgment evidence; yet, admissions of fact contained therein are. *Elliott v. Methodist Hosp.*, 54 S.W.3d 789, 797 (Tex. App.–Houston [1st Dist.] 2001, no pet.). To the extent that Seabranch and Tankco averred in their live pleading that the $2750 check was paid to Ansley "toward the acquisition of his interest" in the company, that can be considered an admission by the court in determining whether summary judgment was proper.

3

*Application of Standard*

It is clear that the Statute of Frauds does not apply where one party completely performs his obligations under an oral agreement and the other knowingly accepts the benefits of that performance and then partly performs his obligations. *Avila v. Gonzalez*, 974 S.W.2d 237, 246 (Tex. App.--San Antonio 1998, pet. denied); *Carmack v. Beltway Dev. Co.*, 701 S.W.2d 37, 40 (Tex. App.--Dallas 1985, no pet.). Construing the summary judgment evidence in a light most favorable to Ansley (as we must), we find evidence of 1) an agreement to sell, 2) verbal transfer of the intangible property right or chose-in-action, 3) disclosure to others that Seabranch now owned 100% of the business, 4) a directive by attorneys for Seabranch instructing Ansley to forego contact with Tankco employees, 5) the absence of any involvement in the operation or management of Tankco by Ansley since the agreement was executed, 6) Ansley's departure from the business and employment by another company, 7) a check for $2750 given to Ansley as the first payment for his interest in the company, and 8) a similarity between the amount of each monthly installment required under the purported agreement and the amount of the first check given in payment by Seabranch and Tankco. This is sufficient evidence to create a material issue of fact regarding whether Ansley fully performed his promises (*i.e* transferred his interest in the business), whether Seabranch reaped benefit from that performance (*i.e.* the complete ownership and control of Tankco), and whether Seabranch partially performed its promises under the agreement (*i.e.* made part payment for the transfer). In other words, there is some evidence of record upon which a rational jury could

4

reasonably infer the existence of complete performance, as that doctrine is explained in *Avila* and *Carmack*.

That Seabranch may cite to contradictory evidence matters not. Again, we must view the evidence in the light most favorable to the non-movant, *i.e.* Ansley. Nor does the evidence that the $2750 check may have been written on the account of Tankco cause us to alter our conclusion. Again, both Tankco and Seabranch admitted in their original petition that it was given in part payment for Ansley's interest. And, more importantly, it was signed by Seabranch in his individual capacity (*i.e.* without designation that it was signed on behalf of or as representative for another); thus, payment of the instrument could be Seabranch's individual responsibility as well as that of Tankco. *See* TEX. BUS. & COMM. CODE ANN. §3.402(b)(1) (Vernon Supp. 2002) (stating when a representative of another may be personally liable for the payment of an instrument). So, it cannot be said with any certainty that Seabranch did not partially perform.

Having found evidence sufficient to create a material issue of fact regarding complete performance, we conclude that neither Tankco nor Seabranch were entitled to summary judgment as a matter of law. Accordingly, the summary judgment is reversed and the cause remanded for further proceedings.

Brian Quinn
Justice

Do not publish.

5